# EXHIBIT A

ELECTRONICALLY FILED
2021 Nov 15 4:34 PM
CLERK OF COURT

### IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| **CLIFTON SPICER, JR.,**  Plaintiff,  v.  **SCOTT WILSON MCCREARY and COUNTY LINE TOWING AND RECOVERY, LLC**  Defendants. | NO. _____  **Jury Demanded** |

## COMPLAINT

Plaintiff, Clifton Spicer, Jr. (hereinafter "Plaintiff"), by and through counsel, hereby files this Complaint against Defendant Scott Wilson McCreary and County Line Towing and Recovery, LLC (hereinafter "Defendants"), for personal injuries and damages, as follows:

### PARTIES

1. Plaintiff is an adult resident of Shelby County, Tennessee.

2. Upon information and belief, Defendant Scott Wilson McCreary is an adult resident of DeSoto County, Mississippi, and resides at 3805 Ivanhoe Dr., Horn Lake, MS 38637.

3. County Line Towing and Recovery, LLC is a corporation organized under the laws of the state of Mississippi and process can be served upon its registered agent Adrian Nahas located at 9295 Old Highway 178 West, Byhalia, MS 38611.

### JURISDICTION AND VENUE

4. This cause of action arises in tort out of personal injuries and damages incurred as a result of a motor vehicle collision in Shelby County, Tennessee, on or about May 24, 2021.

5. The collision that gives rise to this suit occurred in Shelby County, Tennessee, thus this Court is the proper venue.

6. The collision that gives rise to this suit occurred on May 24, 2021, thus this suit is timely filed.

7. This Court has *in personam* jurisdiction over Defendant because the acts and omissions giving rise to this action were committed in whole or in part in the State of Tennessee against a resident of the State of Tennessee.

8. This Court has subject matter jurisdiction over this matter pursuant to TENN. CODE ANN. § 16-10-101.

**STATEMENT OF FACTS**

9. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

10. Upon information and belief, at all times material hereto, including May 24, 2021, Defendant was the operator of the 2010 Ford F550 (VIN: 1FDUF5GN5LEE88802), which was involved in the accident with Plaintiff on May 24, 2021.

11. At all times pertinent hereto, including on May 24, 2021, Plaintiff was the operator of the 2006 Chevrolet Cavalier (VIN: 3GNEC12Z16G243732) and, at all times, was operating said vehicle in a safe, cautious, and prudent manner, obeying all of the rules and regulations of the roadway.

12. On May 24, 2021, Plaintiff traveled westbound on I-40 entrance ramp off N. Germantown Parkway going straight.

13. At the same time and location, Defendant traveled westbound on I-40 entrance ramp off N. Germantown Parkway, and suddenly and without warning, collided into the rear of Plaintiff's vehicle.

14. Suddenly and without warning, Defendant negligently failed to keep a proper lookout for other motorists and followed too closely the vehicle driven by the Plaintiff;

15. Defendant's actions caused a collision between the front bumper of Defendant's Ford F550 and the rear of Plaintiff's Chevrolet Cavalier.

16. The impact was so sever, that Plaintiff was pushed off the roadway and down an embankment where the vehicle came to rest in a field.

17. Plaintiff did not have an opportunity to avoid the collision and, as a direct and proximate result of Defendant's actions, Plaintiff sustained personal injuries and other damages described herein.

## CAUSES OF ACTION

### Count I - Negligence

18. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

19. At all relevant times, Defendant Scott Wilson McCreary owed a duty to Plaintiff to operate his vehicle prudently, safely, and within the bounds of the law, including a duty to exercise reasonable care.

20. Defendant Scott Wilson McCreary violated that duty in the following ways:

    (a) Failing to use that degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    (b) Failing to maintain a safe lookout;

   (c) Failing to devote full time and attention to the operation of his vehicle;

   (d) Failing to see what was there to be seen;

   (e) Driving in a reckless manner;

   (f) Negligently driving too quickly for traffic conditions;

   (g) Negligently colliding with a properly-travelling vehicle;

   (h) Other acts and/or omissions to be shown at the trial of this cause.

21. As a direct and proximate result of Defendant Scott Wilson McCreary's breach of duty, Plaintiff suffered severe physical injuries and property damage.

### Count II – Negligence *Per Se*

22. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

23. Defendant Scott Wilson McCreary violated the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision, such violations constituting negligence *per se*:

   (a) Tenn. Code Ann. § 55-8-103. Required Obedience to Traffic Laws;

   (b) Tenn. Code Ann. § 55-8-136. Due Care; and

   (c) Tenn. Code Ann. § 55-10-205. Reckless Driving.

24. Defendant violated the following ordinances of the City of Memphis, which were in full force and effect at the time and place of the collision, such violations constituting negligence *per se*:

   (a) Memphis, Tennessee, Municipal Code § 11-16-2. Duty to Devote Full Time and Attention to Operating Vehicle;

      (b)      Memphis, Tennessee, Municipal Code § 11-16-3. Duty to Drive at Safe Speed, Maintain Lookout, and Keep Vehicle Under Control; and

      (c)      Memphis, Tennessee, Municipal Code § 11-16-44. Reckless Driving.

**Count III – Negligent Entrustment, Joint Enterprise, & Vicarious Liability**

25. Plaintiff charges and alleges that Defendant County Line Towing and Recovery, LLC negligently entrusted the use of its vehicle to Defendant Scott Wilson McCreary. That County Line Towing and Recovery, LLC knew, or in the exercise of due diligence, should have known of Defendant, Scott Wilson McCreary's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner; that therefore, Defendants County Line Towing and Recovery, LLC and Defendant Scott Wilson McCreary are jointly and severally liable to Plaintiff Clifton Spicer, Jr. for all damages proximately caused by the above described acts of negligence and negligence per se.

26. Defendant Scott Wilson McCreary was driving the automobile owned by Defendant County Line Towing and Recovery, LLC with the express permission and approval of Defendant County Line Towing and Recovery, LLC, for the purpose of furthering a business interest, thus the doctrines of joint enterprise and permissive use are hereby pled.

27. Plaintiff contends that Defendant Scott Wilson McCreary was within the course and scope of his employment with County Line Towing and Recovery, LLC at all times relevant to this action and therefore the doctrine of vicarious liability is pled.

**INJURIES AND DAMAGES**

28.    Plaintiff incorporates by reference all prior allegations contained in this Complaint.

29.    As a direct and proximate result of Defendants' above-described breaches of duties, violations of the common law, city ordinances, and state statutes, Plaintiff sustained injuries and damages, including but not limited to:

(a)    serious and painful physical injuries;

(b)    past, present, and future physical and emotional pain and suffering;

(c)    past, present, and future mental anguish and emotional distress;

(d)    temporary and permanent impairment and disability;

(e)    reasonable and necessary medical expenses and will incur further expenses in the future;

(f)    certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the nature and amount of which yet to be determined;

(g)    past, present, and future loss of quality and enjoyment of the normal pleasures of life;

(h)    property damage;

(i)    inconvenience;

(j)    past, present, and future lost wages;

(k)    loss of future earning capacity; and

(l)    other damages to be proven at trial.

**PRAYER FOR RELIEF**

**FOR ALL REASONS STATED ABOVE,** Plaintiff respectfully demands judgment against Defendants for a reasonable amount of restitution and compensation for damages, in an amount not to exceed ONE MILLION DOLLARS ($1,000,000.00) and for all other relief to which Plaintiff may be entitled under the law of Tennessee. Plaintiff respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief as the Court and jury deem just. Plaintiff prays that he be awarded pre- and post-judgment interest from May 24, 2021, until a final adjudication of the merits of this cause.

Respectfully submitted,

REAVES LAW FIRM, PLLC

_____
BRANDON SCOTT LESLIE, #31633
*Attorney for Plaintiff*
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
Phone (901) 417-7166
Fax (901) 328-1352
brandon.leslie@beyourvoice.com